```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
  BRISTOL RUZWIN,                                          :

                            Plaintiff,    :

            -against-                    :         1:24-cv-9566-GHW

UNITED STATES CITIZENSHIP AND      :           ORDER
IMMIGRATION SERVICES (USCIS), *et al.*,  :

                     Defendants.    :
------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      By letter dated May 29, 2025, counsel for Plaintiff has informed the Court that her designation of the nature of this action under code "899 – Administrative Procedure Act/Review or Appeal of Agency Decision" in the civil cover sheet filed on December 13, 2024, Dkt. No. 3, was made in error, and that the nature of this action should have been designated under code "465 – Other Immigration Actions" because this action seeks relief from Plaintiff's removal as a result of an alleged "decision to cancel his asylum interview and refuse jurisdiction over his case." *See* Dkt. No. 29. Plaintiff's request for an amendment of the designation of the nature of this action, *see id.* at 1, is granted.

      Rule 5.2(c) of the Federal Rules of Civil Procedure provides, in relevant part, that "in an action or proceeding relating to . . . relief from removal, . . . access to an electronic file is authorized as follows:"

> (1) the parties and their attorneys may have remote electronic access to any part of the case file, including the administrative record;
> (2) any other person may have electronic access to the full record at the courthouse, but may have remote electronic access only to:
>     (A) the docket maintained by the court; and
>     (B) an opinion, order, judgment, or other disposition of the court, but not any other part of the case file or the administrative record.

Fed. R. Civ. P. 5.2(c). Plaintiff's request for an order making the docket entries in this action

available to the public in a manner consistent with Rule 5.2(c), *see* Dkt. No. 29 at 3, is granted.  To the extent that Plaintiff requests an order sealing the docket entries in this action, however, that request is denied.  *See id.* at 2–3.  Rule 5.2(c) authorizes "electronic access to the full record at the courthouse."  It does not authorize the sealing of the record from public view.

For these reasons, the Clerk's Office is respectfully directed to amend the designation of the nature of this action on the docket to "465 – Other Immigration Actions."  The Clerk's Office is further directed to make the docket entries in this case available to the public in a manner consistent with Rule 5.2(c) by amending the designations of public access to the following docket entries to restrict "remote electronic access" and to permit "electronic access . . . at the courthouse":  Dkt. Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, 24, 26, 27, 29.  The Clerk's Office should not amend the designations of the docket entries at Dkt. Nos. 21, 22, 25, and 28, as those documents are either "opinion[s], order[s], judgment[s], or other disposition[s] of the court," to which the public has a right of remote electronic access pursuant to Rule 5.2(c)(2)(B).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 29.

SO ORDERED.

Dated:  May 30, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge